May it please the Court, Philip Stern. I represent Jessica Smith. Daniel Brown, who is at Council Tables, represents Roel Nieto, the plaintiff in the consolidated case. I am arguing on behalf of both appellants, and I've requested four minutes reserved for rebuttal. If Simm's letters identified anyone as the current creditor, it is PayPal Credit. But PayPal Credit is not the current creditor. Comenity Capital Bank is the current creditor. But Simm's letters describe Comenity Capital Bank and PayPal Credit as separate entities. Therefore, Simm's letters did not identify the current creditor, clearly and accurately, as required under the FDCPA Section 1692 G.A. 2, as this Court has interpreted under the Janito's decision, as well as a violation of Section 1692 E, which requires that generally debt collectors not use false, deceptive, or misleading statements or representations in their attempt to collect the debt. We ask the Court to reverse the judgment, which granted summary judgment in favor of Simm in both cases, with instruction-centered judgments granting each plaintiff's summary judgment motions as to liability. I'm not sure I quite understand the problem. There isn't any other creditor at issue here? It's just Comenity, right? Comenity, the fact is... That's the original and only creditor here? We don't have a different current creditor? That's correct, but the letter represents... I think the fairest reading of the letter is that PayPal Credit is the creditor. I don't think so. It says PayPal Credit is the client of Comenity. Correct. Which is truthful. There's nothing misleading about that. Actually, it's not truthful, at least if we get into some of the evidence, because PayPal Credit is not even a person. PayPal is just a platform. Everybody knows that. There's some underlying bank that does the credit transactions, right? That's, I think, common knowledge to people who use the site. I don't know how much... There's certainly no evidence as to common knowledge. I don't know that this is judicially noticeable about what PayPal operates. But there's a very big distinction between PayPal and PayPal Credit. PayPal Credit is an open credit plan. Certainly, my understanding is PayPal is something where people can have and use that as opposed to using their bank account to make transactions. PayPal Credit is a line of credit, as if it's an electronic credit card. That's something very different. PayPal Credit is defined in the materials that Sim submitted. It's very clear that PayPal Credit is an open-ended consumer credit plan that's serviced by two corporations, one called Bill Me Later, Inc., and the other called PayPal, Inc., and that those two corporations are not affiliated with Comenity Capital Bank. Just to give a comparison, if PayPal Credit were, in fact, a person, and PayPal Credit, in fact, was the entity to whom the debt was owed when these letters were sent, we wouldn't be here. Then the letter would be accurate. It would clearly and accurately identify them as such. In fact, Sim cited in their brief an opinion from the Eastern District, I think it was the Eastern District of New York, which is Feuerstein, the Bryan case, where that involved Chase Bank and Kohl's Department Store. What was established there was that Kohl's was a separate entity and that, in fact, in the contract between Kohl's and Chase Bank, Kohl was, in fact, a creditor. The judge did an analysis under the FDCPA's definition of creditor and determined that Kohl's was a creditor. There's no determination here because there can't be a determination here because PayPal Credit is not a person. It could never be a creditor. Who's listed as creditor on the letter? I'm sorry, Your Honor? Who is listed as the creditor on the letter? The letter does not list who the current creditor is. The letter states that the original creditor is Comenity. Can I ask you that? I said, who is listed as creditor? No one is listed just as creditor on the letter. Creditor. Does that do it for you? I'm not sure. Are you asking me if it just said creditor, would it have been okay? I'm asking you who's listed as creditor on the letter. It's our position no one is listed as the creditor on the letter. Then you explain to me who is listed as creditor. Identified as the original creditor is Comenity Capital Bank. So that's the confusing aspect of this letter? Then what happens is that Sim's letter then says that their client, who they identify as PayPal Credit, is who they are collecting for and that PayPal Credit has authorized Sim to negotiate a settlement of the debt. So that it appears that Sim's client, in other words, whom a debt collector is collecting, who's been hired, who's hired the debt collector, I think it would be a natural reading to assume that who hired the debt collector is, in fact, the entity to whom the debt is owed. And I think that's a fair reading of the letter. And, in fact, that's what happened in Cole's case. It's not a fair reading of the letter at all. There's only one creditor listed. It is listed as the original creditor. And then in the notice that they provide in accordance with the statute, they distinguish between an original creditor and a current creditor. Those are different. At least the letter shows that those are potentially different entities. How many times is creditor listed? It's just once. And who is it? It's listed as original creditor is listed as Comenity Capital Bank. Thank you. Right, and the letter goes on to talk about how Sim would send the name and address of the original creditor if different from the current creditor. So there's only a need to identify a different creditor from the original creditor if there is a different creditor. In this case, there is no different creditor. This debt was not sold to somebody else. But it leaves... The need to trace the chain of the account comes in only if there's a different creditor, if the debt has been sold from the original creditor to another creditor. I think it works the other way around, actually. I think that definition of... Because what I think the notice is providing and what the statute requires that notice to say about them being different would be that you've identified... You've provided a clear and accurate identification of to whom the debt is currently owed. It's owed at the time the debt is... And it has nothing to do with who the... That may or may not be the original creditor, but certainly the current creditor is the person to whom it's owed when the letter is sent. And that notice is saying is, if we've identified... The creditor that we've identified, if they're different from the original creditor, you can request... Well, you can request it and so we can... And we'll provide that information, the name and address, if the original is different. But you don't know that. And Janito sort of just took the... It involved facts that basically is sort of the flip side to this, which is that if the original creditor is not the current creditor, presumably they're an S&E. Right. And that's what Janice had dealt with, was that they were an S&E. But that's just not what we have here. The language, if different, indicates that the original and the current creditor are the same because there is no different creditor. But there's nothing in the letter that indicates that they're the same and it doesn't tell you what role does PayPal Credit then play. There's no connection here of any statement of any relationship between the debt collector SIM and Clementi Community Bank. There's no connection in this letter. The connection is with PayPal Credit as if it's a separate entity. And, in fact, it's not a separate entity. It doesn't even exist as a person. And that's who they identified as being it. And we submit that that does not... But the users of PayPal Credit recognize the account as a PayPal Credit account underwritten by Clementi. No, not underwritten by Clementi. Clementi provides the line of credit. Excuse me? Clementi provides the line of credit, the PayPal Credit. In this case, we've submitted information that shows that there's other banks that also provide it so that saying PayPal Credit does not identify Clementi. Right, but that's all, when you take out a PayPal Credit account, that's all identified there. So we're just talking about whether this letter, this Dunning letter, is misleading. And your claim is that it's misleading because it doesn't say who the current creditor is, but if there isn't any other different creditor, then this is the current creditor. Mrs. Smith's claim has the e-claim, which talks about misleading. The standard for the GA2 claim is whether this letter clearly and accurately identifies it. It does not leave the consumer having to guess or to do an investigation or call anyone. We agree that PayPal Credit, that information, helps identify what the debt is but does not identify to whom the debt is owed at the time this letter is sent. And that's what the GA2 requires. That's what Janito says it requires. And that's not been done in this letter. This letter is, okay. Thank you, Mr. Perreault. Thank you. Mr. Perreault? Good morning, Your Honors. May it please the Court. Richard Perreault, on behalf of the defendant of Pelley, Senate Associates, for the reasons expressed in our brief, we would respectfully request that this Court affirm both of the summary judgment decisions and the decision of the Eastern District of Wisconsin and the Northern District of Illinois. This Court clearly understands what is at issue in this case. The statute provides that you identify to whom the credit, the amount is owed. The letter does do that. We have original creditor. It identifies it. Even Janitose in talking about it says it has to be clear enough that the recipient is likely to understand it. And in fact, in deposition, Ms. Smith says, I understood it. She didn't know who Comenity was. She understood PayPal. And we can talk a little bit about that relationship in a short while because you'll understand why is it that a consumer would recognize that. So on its face, on the GA2 claim, it's there. It's clear. The issue that plaintiff has seems to get to this concept of original versus current creditor. Now, we've cited in our brief the Oxford Dictionary, which says original is present or from the beginning. I am the original owner of my house. I still own it. And that's no different here, and there's nothing that's confusing. Why is Janitose confusing? Well, Janitose is confusing for a multitude of reasons. Janitose talks about an assignee. In the same letter, it talks about the debt being transferred. It then talks about certain obligations or defenses or settlements you may have had, which we will still honor as if implying that there has been some transfer along the line. So it's understandable why in ruling this court decided that it wasn't clear. We have none of those scenarios in this case. There is one creditor, Comenity, and there's an identifying PayPal credit, which the reason and in the many, many courts that have both looked at brand card names, it's understandable why because it's an easily explainable item for consumers who are trying to pay their obligation. They don't know who maybe the underlying issuer of the credit may be, but in fact understand who the brand name is, and it makes that conversation clearer. So when we talk about what's the relationship between PayPal and Comenity, what's clear is and why Plaintiff's argument that Sim being hired by PayPal credit is somehow confusing doesn't fly, because to the consumer, they have always dealt with PayPal credit. The consumer, and I'll read from another opinion not before this court, the Maximiliano v. Sim, which also was decided in three of three courts, three separate courts, three respected jurists, all who have concluded on summary judgment that this letter is clear and there's no violation of the FDCPA. The Maximiliano summed up, in fact, the relationship between Comenity and PayPal by saying, a consumer who chooses to open a PayPal credit account is unlikely to know that Comenity is the bank ultimately providing the credit and thus the creditor. This is because PayPal credits advertising makes no reference to Comenity. The application process makes no reference to Comenity except in small print. The process by which the consumer can charge the online purchase to his or her PayPal credit account makes no reference to Comenity. And the process by which the consumer pays off the PayPal credit account makes no reference to Comenity. In fact, all of this process, if you look at the terms and conditions and you look at all the information, the consumer only deals with PayPal credit. So for Sim to say that PayPal credit has hired them to collect and that you're going to make a payment to Sim and that payment's going to eventually make its way to PayPal credit is entirely 100% accurate and in no way confusing because that's the exact relationship the consumer has had with this credit transaction from inception. And so there is no GA2 claim because it's clear that the recipient is likely to understand it as the evidence is there and there is no e-claim that is a false and misleading practice. I would just simply note that this court has outlined its test, the Locke's opinion from 2012 in identifying the three categories that this court has put for letters that could be potentially deceptive or misleading. First category are cases in which the challenge language is plainly and clearly not misleading and therefore no extrinsic evidence is needed. We think that that is this case and both district court judges agreed with that. But the second category includes debt collection language that's not misleading or confusing on its face but has the potential to be misleading to the unsophisticated consumer. Plaintiffs can prevail only by providing extrinsic evidence such as consumer surveys to prove that unsophisticated consumers do in fact find the challenge statements misleading or deceptive. In this case, both of these cases went to summary judgment, discovery was closed, there is no evidence and as Chief Judge Griesbach points out, there was no dispute and plaintiff provided no evidence in dispute. So even if you get to the second category under the Locke's test, you wouldn't even get there because there is no evidence to the contrary, extrinsic evidence. And lastly, the third category is challenge language that's plainly deceptive or misleading which is not the case here. So we get down to, in essence, what a trial court opinion out of the Eastern District of Wisconsin said in talking about the unsophisticated consumer. The unsophisticated consumer is not a gifted linguist who closely parses a debt collection letter like a Wall Street lawyer analyzes a municipal bond offering or like a patent lawyer construes a patent. And that is what the plaintiffs asked in this case here. The unsophisticated consumer, both by her own testimony and by a plain reading of the letter, showed that there is no confusion. It is clear, plain, obvious. The consumer understands it. For those reasons, we respectfully request that the court uphold and affirm both of the district court opinions, granting summary judgment as just said. Thank you very much. Mr. Stern, your time has expired, but you may have two minutes. The way of the line is you had ten minutes. No, I realize. You used the ten. That's fine.  I appreciate that. Thank you, Your Honor. With regard to, I want to clarify, with regard to Ms. Smith's testimony, first, obviously, whether this is confusing to an unsophisticated consumer has nothing to do with what she testified to. But what she testified to was that the identifying her account as a PayPal credit account helped her understand what the debt was. There was no testimony that it helped her understand to whom the debt was owed when this letter came in. This letter clearly made a distinction between original creditor and the client. And, in fact, the statement, I mean, the distinction doesn't exist. PayPal credit doesn't exist as a person. It's not a separate entity. It didn't hire Sim. At different times, Sim said that it was the servicer. At different times, they said that they were one and the same. The appellee's brief says this was a branded trade name. All kinds of excuses to explain this. But, again, the letter, the consumer gets the letter, opens the letter, reads the letter. That's what they're charged with under the unsophisticated consumer standard. When they read that letter, whether they had a PayPal account, whether they've got the wrong consumer, because we never had a PayPal account or anything else, that letter does not inform them to whom the debt is owed when that letter was sent. And that's our position. And the standard is not just could they figure it out. The standard is it has to be clearly and accurately set forth. That's what the precedent of this court says. If there's any other questions. Thank you, Your Honor. Thank you, Mr. Stern. The case is taken under advisement.